UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELA COTE, on behalf of herself
and others similarly situated,

      Plaintiff,

v.                                CASE NO.:

CAPITOL MARKETING CONCEPTS, INC.,

      Defendant.
_____/

## WAGE THEFT COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ANGELA COTE ("Plaintiff"), on behalf of herself and others similarly situated, hereby sues the Defendant, CAPITOL MARKETING CONCEPTS, INC., ("Defendant") and alleges as follows:

## JURISDICTION, VENUE AND PARTIES

1. This is an action brought under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA"). Accordingly, this Court has subject-matter jurisdiction.

2. Venue is proper within the Middle District of Florida because a substantial part of the events giving rise to this claim arose here.

3. At all times material, Plaintiff was/is a resident of Pinellas County, Florida.

4. At all times material, Defendant, CAPITOL MARKETING CONCEPTS, INC., was/is a Florida Profit Corporation authorized to conduct business in the State

of Florida, with its principal place of business at 696 1st Avenue N., Suite 400, St. Petersburg, FL, 33710.

## GENERAL ALLEGATIONS

6. Defendant is an employer as defined by the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b), *et seq.* ("FLSA").

7. At all material times, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

8. During at least one of the relevant years, Defendant had an annual dollar volume of sales or business of at least $500,000.

9. Plaintiff was employed by Defendant from November 20, 2002 until March 29, 2017 in the Sales department.

10. While employed by Defendant, Plaintiff engaged in commerce or in the production of goods for commerce.

11. This action is brought under the FLSA to recover unpaid overtime compensation owed to Plaintiff.

12. Plaintiff was an employee of Defendant under the FLSA.

13. Defendant failed to comply with the FLSA because Plaintiff regularly required to work in excess of forty (40) hours a workweek but was not paid overtime compensation as required by the FLSA.

14. Defendant failed to keep accurate time records as required by the FLSA. Accordingly, Plaintiff is required to provide only a reasonable approximation

of the number of overtime hours worked for which compensation is owed, which is presumed correct. The burden then shifts to the Defendant to overcome this presumption. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946).

15. Defendant's violations of the FLSA was knowing, willful and in reckless disregard of the rights of Plaintiff and all other similarly situated.

16. Plaintiff has been required to retain the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

17. During her employment, Plaintiff complained to management, objecting to Defendant's failure to properly pay overtime compensation.

18. After Plaintiff objected to the unlawful pay practices, Defendant terminated Plaintiff's employment in retaliation for her protected activity under the FLSA.

## COUNT I
## OVERTIME – FLSA

19. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 18 as if fully restated herein.

20. During the three (3) year period prior to filing this action, Defendant failed to pay Plaintiff overtime compensation for hours worked over forty (40) in a workweek.

21. Defendant's failure to pay Plaintiff overtime compensation for hours worked over forty (40) in any workweek constitutes a violation of the FLSA, 29 U.S.C. § 207.

22. Defendant's violations of the FLSA were knowing, willful and in reckless disregard of the rights of Plaintiff and all other similarly situated.

**WHEREFORE**, Plaintiff respectfully requests this Court issue an Order awarding damages in the amount of the unpaid overtime compensation owed, awarding liquidated damages pursuant to 29 U.S.C. § 216(b), awarding reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), and awarding all such other relief as the Court deems just and appropriate.

**COUNT II**
**RETALIATION – FLSA**

23. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 18 as if fully restated herein.

24. Section 15(a)(3) of the FLSA states that it is a violation for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding…."

25. By complaining to management about Defendant's unlawful pay practices which were violative of the FLSA, Plaintiff engaged in an activity protected by the FLSA.

26. By being discharged, Plaintiff suffered an adverse action by Defendant immediately subsequent to her protected activity.

27. Plaintiff's termination was directly caused by, and was a result of, her protected activity.

28. By discharging Plaintiff because of her statutorily protected activity, Defendant engaged in unlawful retaliation in violation of 29 U.S.C. § 215(a).

29. Plaintiff has suffered damages including lost wages, lost benefits, emotional distress, anguish, interest and attorney's fees and costs.

**WHEREFORE**, Plaintiff demands judgment against Defendant and relief in the form of:

(i) Economic damages, including lost wages, benefits, and other remuneration;

(ii) Reinstatement of full fringe benefits;

(iii) Front and back pay;

(iv) Liquidated damages;

(v) Any other compensatory damages allowable under the law;

(vi) Attorneys' fees and costs pursuant to the FLSA;

(vii) Emotional distress damages;

(viii) Punitive damages;

(ix) Prejudgment and post-judgment interest; and

(x) Any other relief the Court deems appropriate.

**WHEREFORE**, Plaintiff demands judgment against Defendant for any and all damages, interest, costs, and such further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

**DATED** this 25th day of May, 2017.

                                        Respectfully submitted,
                                        **WHITTEL & MELTON, LLC**
                                        */s/ Jay P. Lechner*
                                        Jay P. Lechner, Esq.
                                        Florida Bar No.: 0504351
                                        Jason M. Melton, Esq.
                                        Florida Bar No.: 605034
                                        One Progress Plaza
                                        200 Central Avenue, #400
                                        St. Petersburg, Florida 33701
                                        Telephone: (727) 822-1111
                                        Facsimile: (727) 898-2001
                                        Service Email:
                                              Pleadings@theFLlawfirm.com
                                              lechnerj@theFLlawfirm.com
                                              kmoran@theFLlawfirm.com
                                        *Attorneys for Plaintiffs*